# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>"CERT" OFFICE, et. al.,<br><br>　　　　　　　Defendants. | Case No. 3:23-CV-00647-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

On December 15, 2023, Plaintiff Tyrone Noel Nunn ("Nunn"), an inmate in the custody of the Nevada Department of Corrections ("NDOC"), submitted a document titled "Exceptional Circumstances" with the Court. (ECF No. 1-1.) However, Nunn did not file a complaint, did not pay the full $405 filing fee for this matter, nor did he file an application to proceed *in forma pauperis*. Therefore, the Court ordered that Nunn must file a complaint and a fully complete application to proceed *in forma pauperis* with all three required documents or pay the full $405 filing fee for a civil action on or before Friday, January 19, 2024. (ECF No. 3.) The Court cautioned that failure to do so would result in dismissal of the case without prejudice for Nunn to refile the case with the Court, under a new case number, when Nunn has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the full $405 filing fee. (*Id.*)

Following the Court's order, Nunn has filed only one document in this case, titled "Supporting Documentation Various Cases Exceptional Circumstances." (ECF No. 4.) The document consists of "further submission of documentation in support of plaintiff's claims in civil action" and claims that a fully completed application for *in forma pauperis* and financial certificate was submitted in the beginning of December 2023. (*Id.* at 1-2.)

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The document also references a "yet to be submitted segment intitled (sic) Civil Rights Complaints of 2023" and includes numerous inmate request forms. (*Id.*) This document is neither a complaint nor a fully completed application for *in forma pauperis.*

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See*

*Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's December 18, 2023 order expressly stated: "if Nunn does not file a complaint and a fully complete application to proceed in forma pauperis with all three documents or pay the full $405 filing fee for a civil action on or before **Friday, January 19, 2024**, this case will be subject to dismissal without prejudice for Nunn to refile the case with the Court, under a new case number, when Nunn has all three documents needed to file a complete application to proceed in forma pauperis or pays the full $405 filing fee." (ECF No. 3.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is recommended that this action be dismissed without prejudice based on Plaintiff's failure to file a complaint and pay the filing fee or file a fully complete application to proceed *in forma pauperis* in compliance with this Court's December 18, 2023 order, (ECF No. 3).

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

## I.     RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice; and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**DATED**:    January 22, 2024   .

_____
**UNITED STATES MAGISTRATE JUDGE**