UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>"CERT" OFFICE, *et al.*,<br>　　　　　　　　　　　Defendants. | Case No. 3:23-cv-00647-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Tyrone Noel Nunn, who is an inmate in the custody of the Nevada Department of Corrections, initiated this action on December 15, 2023, submitting a document titled "Exceptional Circumstances" to the Court. (ECF No. 1-1.) At that time, Nunn did not file a complaint, pay the full $405 filing fee, or file an application to proceed *in forma pauperis* ("IFP"). The Court ordered Nunn to file a complaint and to either pay the full fee or submit a complete IFP application with supporting documents by January 19, 2024, warning that failure to do so would result in a recommendation for dismissal. (ECF No. 3.) Before this deadline, Nunn filed a document titled "Supporting Documentation Various Cases Exceptional Circumstances." (ECF No. 4.) He asserted that this filing included "further submission of documentation in support of plaintiff's claims in civil action," and stated that he had filed a complete IFP application in December 2023. (*Id.* at 1-2.) He also indicated that he intended to submit a "segment intitled (sic) Civil Rights Complaints of 2023." (*Id.* at 2.)

　　　　Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin, recommending that the Court dismiss this action without prejudice for Nunn's failure to comply with the Court's January order (ECF No. 3)

directing him to file an appropriate complaint and IFP Application or filing fee. (ECF No. 5.) Plaintiff timely filed objections to the R&R. (ECF No. 6 ("Objection").) Along with his Objection to the R&R, Nunn moved for a temporary restraining order. (ECF No. 7.) The Court overrules the Objection and adopts the R&R in full. And because it finds that dismissal is appropriate because this case was never properly initiated, the Court further denies Plaintiff's motion for a temporary restraining order as moot.

## II. DISCUSSION

Because Plaintiff filed the Objection to the R&R, the Court's review is de novo. *See* 28 U.S.C. § 636(b)(1) ("Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."). In his Objection, Nunn makes numerous arguments and requests, many of which involve his other civil actions filed in this district. (ECF No. 6.) Nunn asserts (1) the Court should combine Plaintiff's numerous civil actions and address them together in three-judge courts (*id.* at 13); (2) the Court should appoint an attorney to represent him across multiple cases because of exceptional circumstances (*id.* at 2); (3) he has previously submitted a complete IFP application in a different case and has used the Court's approved form to submit complaints in other cases (*id.* at 3); and (4) he has presented serious allegations in all of his cases as to a pattern of grievous bodily harm (*id.*). Plaintiff also specifically objects to the Court's dismissal with prejudice in *Nunn v. LA Trama*, 3:23-cv-00646-MMD-CLB (*id.* at 6-7) and asks the Court to dismiss four additional actions without prejudice, "as these cases are to be combined with added suportation (sic)" (*id.* at 11). Along with his Objection, Nunn filed a document including numerous inmate request forms. (ECF No. 6-1.)

The Court finds that much of Plaintiff's Objection is non-responsive to the R&R, in which Judge Baldwin recommends dismissal without prejudice for failure to comply with court orders and local rules, including failure to file appropriate documents. (ECF No. 5 at

2.) The Court may dismiss an action for failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). To determine that dismissal is appropriate, the Court must consider (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Henderson*, 779 F.2d at 1423-24; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court agrees with Judge Baldwin that the first three factors weigh in favor of dismissal. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) (noting that a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading). Nunn has never filed either an appropriate complaint or a complete IFP application in this case, and his Objection does not address this foundational issue—except to point to complaints and IFP applications in his other cases. As to the fifth factor, the Court's December 18, 2023 order expressly warned Nunn about the possibility of dismissal if he failed to file necessary documents, satisfying the consideration of alternatives requirement, and his subsequent filing does not align with the guidelines set out in the attached IFP and complaint form instructions (ECF Nos. 3-1, 3-2). *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. The Court also finds that the fourth factor—public policy favoring disposition of cases on their merits—does not weigh strongly in Plaintiff's favor, given that Plaintiff initiated this action in large part to ask the Court to reassess and combine his other cases, which multiple judges in this district have addressed independently on their merits.

///

Plaintiff is reminded that a complaint initiating a lawsuit must independently state a claim or claims for relief, and that he may not initiate a new action that relies on the filings in other cases without adhering to the procedures and timeline of the new action. *See* Fed. R. Civ. P. 3 ("[a] civil action is commenced by filing a complaint with the court"); 28 U.S.C. § 1915(a)(2) (setting out the requirements for IFP status). To the extent that Nunn wishes to support or challenge findings in other specific cases filed in this district or in other courts, he must make those challenges within those cases.[1] He may file a motion for appointment of an attorney, for example, in a properly-initiated case. To the extent Nunn intended to allege new claims in this action, he may do so under a new case number only with the appropriate initiating documents after this case is dismissed without prejudice. The Court thus finds that dismissal is appropriate and overrules Plaintiff's objection to the R&R.

Nunn further asserts that his Objection to the R&R is also a "Fourth Request for Restraining Order." (ECF No. 7.) Here, the Court notes that Plaintiff appears to refer primarily to requests for temporary restraining orders filed in other cases. Because the Court finds that Plaintiff has not properly commenced this lawsuit, it denies Plaintiff's motion for a temporary restraining order as moot.

///

///

---

[1] If Plaintiff wishes to consolidate his civil cases, Local Rule 42-1 addresses the proper process for consolidating actions filed separately into single proceedings. That rule provides that:

> A party who has reason to believe that an action on file or about to be filed is related to another action on file (whether active or terminated) must file in each action and serve on all parties in each action a notice of related cases. This notice must set forth the title and case number of each possibly related action, together with a brief statement of their relationship and the reasons why assignment to a single district judge or magistrate judge is desirable.

LR 42-1(a). Actions are sufficiently related to each other to be consolidated when they involve the same parties and are based on the same or similar claim; when both actions involve the same property, transaction, or event; when both actions involve similar questions of fact and the same question of law; or when for any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges. *Id.* at (a)(1)-(5).

### III. CONCLUSION

It is therefore ordered that Plaintiff's Objection (ECF No. 6) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled.

It is further ordered that the Report and Recommendation (ECF No. 5) of Magistrate Judge Carla L. Baldwin is adopted in full.

It is further ordered that this action is dismissed without prejudice.

It is further ordered that Plaintiff's motion for temporary restraining order (ECF No. 7) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 12th Day of April 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE